DREW GRAVEL COMPANY, INC., *v.* STELL.

Opinion delivered October 7, 1929.

*O. A. Featherston,* for appellant.

*Tom Kidd,* for appellee.

SMITH, J.   On August 31, 1923, G. L. Gideon executed a lease to A. S. Drew, which permitted Drew to mine and remove sand, gravel and clay from certain lands owned by Gideon, in Pike County. This contract was amended by the parties on October 1, 1923, and the amended contract was assigned by Drew to a corporation organized and managed by Drew, and known as the Drew Gravel Company, Inc.

A disagreement arose about the operation of the gravel pits, and the payment of the rents and royalties provided for in the lease, and on April 24, 1925, the lease contract was further amended whereby it was provided that a monthly rental of $50 should be paid, whether the gravel pits were worked or not, but, if worked in any month, this rental should be credited on the royalties due for that month, if they exceeded $50.

A suit was brought by Gideon, in which a decree appears to have been rendered in August, 1928, but neither the pleadings in that case nor the decree pronounced therein were offered in evidence in this suit, which was commenced by filing a complaint on October 3, 1928. There appears in the record in this case a stipulation between opposing counsel to permit testimony taken in the former case to be read in evidence in the instant case.

The original lease provided that the rights conveyed therein should cease, and the lease be forfeited, if operations were not conducted thereunder for as much as ninety consecutive days, and this provision was not changed by the amendments. The complaint in the instant case alleged a failure to operate as required by the lease, and prayed its cancellation on that account. It also alleged the failure to pay rents for the months of April, May, June, July and August, 1928, and prayed judgment for $250.

Upon final submission the relief prayed was granted, and this appeal is from that decree.

For the reversal of this decree, it is insisted that the former decree is conclusive of the issues here raised. But we cannot agree with counsel in this contention, for the reason, as stated, that the identity of the issues is not made to appear, nor does it appear that the decree rendered was a final one which disposed of the issues, whatever they may have been. The first suit may have been for the rents in arrears at the time that suit was begun, and that date is not disclosed, and there is no intimation that a cancellation of the lease was prayed in the first suit. Whatever the nature of the first suit may have been, the testimony now before us on the part of the plaintiff shows a continuous failure to operate the lease for more than ninety consecutive days, and the lease provides for a forfeiture in that event.

It is insisted that, although cause for the forfeiture of the lease and its cancellation was given, through the nonpayment of the rent, and the failure to mine the

gravel, it would be inequitable to grant this relief, for the reason that no demand for the rent was made, and the managing officer of the appellant company testified that he had agreed with Gideon for the latter to draw drafts each month through a local bank, and which would have been paid had they been presented, but which were not drawn or presented. Gideon had died before the trial, and this testimony was not directly controverted, but neither the original lease nor the amendments thereto provided for payment in this manner, and the insistent and peremptory letters which Gideon wrote during his lifetime, which appear in the record, make it very clear that Gideon had no intention either to remit or to postpone these payments. Several of these letters announce the intention of declaring a forfeiture, and of canceling the lease if the payments were not promptly made, and there is nothing in the record to justify the belief on the part of the officers of the corporation that any indulgence would be given if the rents were not paid.

It is admitted that for five consecutive months the plant had not been operated, nor had the rent been paid, the payment of which would have avoided the forfeiture, and the right to cancel the lease existed unless it had been waived; and we think the court was warranted in finding that there had been no waiver. It is true that the lessee, in its answer, offered to pay the past due rents; but, if the right to cancel had then accrued, this right was not destroyed by the belated tender.

We find nothing in the record to support the plea of *res judicata* in bar of this action, nor any conduct on the part of the lessor which would warrant the finding that he had waived the right given by the lease to cancel it for the nonpayment of the rents.

The decree must therefore be affirmed, and it is so ordered.